# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELSI CARDONA RIVERA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-6916** |
| **HEATHER BECHTLER ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 24). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This personal injury suit arises out of Plaintiff Elsi Cardona Rivera's vehicle collision with Defendant Heather Bechtler. On November 2, 2017, Bechtler allegedly failed to yield the right of way, struck Plaintiff's vehicle, and caused injuries to Plaintiff's neck and back. At the time of the crash, Defendant Bechtler was driving a vehicle owned by Stephen Baldini and insured by Defendant USAA Casualty Insurance Company ("USAA"). Plaintiff sued Defendants Bechtler and USAA in the Civil District Court for the Parish of Orleans.[1]

Defendants timely removed Plaintiff's suit to this Court on diversity grounds. After removal, Plaintiff filed a Supplemental and Amending Complaint adding Defendant South Carolina Farm Bureau Insurance Company ("Farm Bureau"), Defendant Bechtler's liability insurer. Plaintiff

---

[1] Stephen Baldini is not a party to this litigation.

later settled her claim with Defendant USAA, and it was dismissed from this suit.

On June 3, 2019, Plaintiff filed the instant Motion to Remand arguing that diversity jurisdiction no longer exists because the sole remaining insurance policy at issue has a $50,000 limit. Defendant Farm Bureau opposes the Motion on the ground that the amount in controversy for jurisdictional purposes is established at the time of removal, and at that time it was well over $75,000.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[4] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[5] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[6]

---

[2] 28 U.S.C. § 1441.
[3] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[4] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).
[5] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[6] 28 U.S.C. § 1447(c).

# LAW AND ANALYSIS

Under 28 U.S.C. 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The parties agree that complete diversity exists. What they disagree about is whether the amount in controversy is more than $75,000.

When a plaintiff alleges an amount greater than the required amount in controversy, "that amount controls if made in good faith."[7] Louisiana law, however, "ordinarily does not permit plaintiffs to plead a specific amount of money damages,"[8] which is exactly the situation here.[9]

When a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[10] A defendant can satisfy this requirement by demonstrating either that the claims are facially apparent to exceed $75,000 or by producing summary judgment type evidence to show that the amount in controversy exceeds $75,000.[11]

## I. Facially Apparent Standard

If a plaintiff's allegations "support a substantially large[] monetary basis," it is facially apparent from the petition that the claimed damages exceed $75,000.[12] Here, Plaintiff states that the amount due to her is greater than $50,000.[13] Also, Plaintiff alleges that she has suffered permanent injury

---

[7] Davisson v. State Farm Mut. Auto. Ins. Co., No. 17-6189, 2017 WL 4402235, at *4 (E.D. La. Oct. 3, 2017).
[8] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014).
[9] *See* Doc. 1-1.
[10] *Davisson*, 2017 WL 4402235, at *4.
[11] Michael v. Blackhawk Transport, Inc., 2019 WL 549610, at *1 (E.D. La. 2019) (citing *Manguno*, 276 F.3d at 723).
[12] Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).
[13] Doc. 1-1 at 2.

in addition to physical pain and suffering, mental pain and suffering, loss of earnings, loss of earning capacity, and medical expenses.[14]

The damages alleged here are of the same variety that appear in most personal injury suits.[15] Even though Plaintiff alleges damages of more than $50,000, it is not facially apparent that the amount in controversy is more than $75,000.

## II. Summary Judgment Type Evidence

Although the amount in controversy is not facially apparent from the plaintiff's petition, the defendant still can present summary judgment type evidence to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.[16] The court specifically notes here that "[p]ost-removal events do not affect . . . properly established jurisdiction" at the time of removal.[17] Even an amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction.[18]

Here, Defendants produced medical bills submitted to Plaintiff's insurer—not including expenses Plaintiff incurred on the day of the accident—totaling $23,891.16.[19] Additionally, Defendants produced evidence showing that, among other injuries, Plaintiff suffered two herniated discs, which will likely result in future medical treatment.[20] Nearly two decades ago, Louisiana's Fifth Circuit Court of Appeal held that "the lowest [reasonable]

---

[14] *Id.* at 3.
[15] *See* Touchet v. Union Oil Co. of Cal., No. 01-2394, 2002 WL 465167 at 2* (E.D. La. Mar. 26, 2002).
[16] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995); *Manguno*, 276 F.3d at 723.
[17] Louisiana v. Am. Nat. Prop. Cas. Co., 746 F.3d 633, 636 (5th Cir. 2014).
[18] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).
[19] *See* Doc. 1 at 3.
[20] *See id.* at 3–5.

general damage award" for even a single "non-surgical herniated disc" was $50,000.[21]

The Court notes that the amount in controversy was not challenged at the time of removal, and Plaintiff pleaded in her petition that the Defendants were "indebted unto [her] in the full and true sum of more than $50,000."[22] Considering Plaintiff's documented medical expenses, her injuries, and her likely future medical expenses, Defendants have shown by a preponderance of the evidence that the amount in controversy was greater than $75,000 at the time of removal.

The parties are completely diverse, and the amount in controversy was greater than $75,000 at the time of removal. The reduction of the amount in controversy subsequent to removal did not affect this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana this 6th day of August, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[21] Webb v. Horton, 812 So. 2d 91, 99 (La. App. 5 Cir. 2002).
[22] *See* Doc. 1-1 at 2.